**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

STEVIE VALENTINO WYRICK, JR.,                                                    PLAINTIFF
# 259168

v.                                        4:26CV00544-KGB-JTK

ERIC HIGGINS, et al.                                                          DEFENDANTS


**ORDER**

Stevie Valentino Wyrick, Jr. ("Plaintiff") is in custody at the Pulaski County, Arkansas, Detention Center (the "Detention Center").   Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 against Pulaski County Sheriff Eric Higgins and Head Nurse Bertha Lowe in their personal and official capacities.   (Doc. No. 2).   Plaintiff also filed a Motion to Proceed in forma pauperis, which the Court granted.   (Doc. Nos. 1, 3).   The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

As currently pled, Plaintiff's Complaint fails to state a claim on which relief may be granted.   Plaintiff will be given the chance to file a superseding Amended Complaint to cure the defects in his pleading.

**I.       Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).   See also 28 U.S.C. § 1918(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.    Facts and Analysis

Plaintiff identified himself as a pretrial detainee.   (Doc. No. 2 at 3).   He says he suffers from interstitial lung disease "that has a life expectancy of 3 to 5 years."   (Id. at 4).   Plaintiff explains "this is [his] 5th year."   (Id.).

Plaintiff is suing Defendant Higgins because he is in charge of the Detention Center.   (Id.).

During a conversation, Plaintiff told Defendant Lowe "about how [he] has been in pian and that [he] was dying."   (Id.).   In response, Defendant Lowe told Plaintiff that "everyone is dying." (Id.).   Plaintiff believes Defendant Lowe "was intentionally and recklessly disregarding [his] medical condition based on the fact that she knew of [his] medical condition."   (Doc. No. 2 at 4).

Plaintiff complains that he has put in sick call slips about his chest pain and headaches, and sometimes it took two days to be seen by a medical provider.   (Id.).   When Plaintiff was seen, he was given only two ibuprofen each time.   (Id. at 4-5).   Plaintiff says that he was seen by a Nurse Everett on April 22, 2026, for bumps on Plaintiff's back and to get his lab results.   (Id. at 5). Nurse Everett gave Plaintiff some cream and told Plaintiff he would have to see a doctor to receive

his lab results.   (Id.).   On April 24, 2024, a Nurse Jackson brought Plaintiff cream in a 30ml cup.   (Id.).   Plaintiff told Nurse Jackson that he was supposed to keep the cream with him, but Nurse Jackson did not have those instructions.   (Doc. No. 2 at 5).   That same day, Nurse Jackson told Plaintiff he was out of Sertraline.   (Id.).   When Plaintiff asked why they wait so long to reorder, Nurse Jackson responded that she was running that, not Plaintiff.   (Id.).   On April 26, 2026, Nurse Jackson forgot Plaintiff's evening eyedrops.   (Id. at 6).

On April 28, 2026, Plaintiff did not receive his vitamin D before breakfast.   (Id.).   On May 5, 2026, Plaintiff asked Nurse Jackson why he did not receive his vitamin D before breakfast and she told Plaintiff "I guess you're out."   (Id.).   On May 12, 2026, Plaintiff again did not receive his vitamin D.   (Doc. No. 2 at 6).

On May 13, 2026, "medical" gave Plaintiff two empty oxygen tanks for Plaintiff to take with him to court.   (Id.).   After officers noticed the tanks were empty, they returned Plaintiff to the Detention Center before he saw the judge.   (Id.).

Plaintiff complains that each time he asks "the nurse" about his gabapentin, he is told he is receiving 100 mg instead of the 300 mg Plaintiff's primary care physician ordered.   (Id. at 6-7).

When Plaintiff requested copies of his lab tests, he was told the records could not be released to him while he is incarcerated.   (Id. at 7-8).

An officer told Plaintiff to use his concentrator with his oxygen tank because oxygen tanks were for emergency only.   (Id. at 8).   Roughly 30 minutes later Defendant Lowe come to Plaintiff's cell.   (Doc. No. 2 at 8).   She told Plaintiff she was informed that he was using too many oxygen tanks.   (Id.).   Plaintiff told Defendant Lowe that it was his right to have the tanks.   (Id.).   About an hour later, Plaintiff received an oxygen tank.   (Id.).

Plaintiff asserts that he is not getting the correct medication and that his hip and rotator cuff hurt.   (Id.).   He says he needs another, thicker mattress rather than ibuprofen.   (Id. at 8-9). On one day in May, Plaintiff did not receive an oxygen tank.   (Doc. No. 2 at 9).

Plaintiff seeks damages and unspecified injunctive relief.   (Id. at 12).

### A.    Personal Capacity Claims

Plaintiff brought his claims under 42 U.S.C. § 1983.   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."   Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

### 1.    Defendant Higgins

Plaintiff is suing Defendant Higgins only because he is in charge of the Detention Center. (Doc. No. 2 at 4).   Because there is no supervisory liability under § 1983, Plaintiff's claims against Defendant Higgins fail.

### 2.    Defendant Lowe

Plaintiff's claims against Defendant Lowe are based on deliberate indifference to a serious medical need.   As a pretrial detainee, Plaintiff has "at least the same protections that convicted prisoners receive under the Eighth Amendment."   Christianson v. McLean Cnty., No. 25-2010, 2026 WL 1490130, at *3 (8th Cir. May 28, 2026).

The Eighth Amendment prohibits cruel and unusual punishment.   U.S. CONST. AMEND. VIII.   This prohibition gives rise to the government's duty to provide medical care to prisoners. Indeed, "[t]he government has an 'obligation to provide medical care for those whom it is

4

punishing by incarceration." Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  It follows that the "Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." Mitchell v. Saint Louis Cnty., Missouri, 160 F.4th 950, 957 (8th Cir. 2025) (internal citation omitted).

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted).  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

During a "verbal conversation," Plaintiff told Defendant Lowe about his pain and that he was dying.  In response, Defendant Lowe told Plaintiff that "everyone is dying."  Plaintiff did not allege that he was seeking medical help when he was talking to Defendant Lowe.  While Defendant Lowe's response may be viewed as harsh, it does not rise to the level of deliberate indifference to serious medical needs.

Plaintiff also complains that Defendant Lowe came to his cell and told him she had been informed he was using too many oxygen tanks.  But roughly an hour later, Plaintiff received his oxygen tank.  Plaintiff has not identified how he was harmed by the delay.

5

### 3. Other Allegations

Plaintiff makes various additional allegations individuals who are not named defendants in this action—Nurses Everett and Jackson, for example.

Plaintiff also makes allegations without identifying who was involved. For example, Plaintiff mentions talking to "the nurse" about his prescription for gabapentin, but he does not identify "the nurse."

### B. Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff identified both Defendants as employees of the Pulaski County Detention Center. Accordingly, Plaintiff's official capacity claims Defendants are the equivalent of claims against Pulaski County.

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989). Plaintiff has not pled that a policy, practice, or deliberately indifferent failure to train or supervise was the driving force behind the alleged violation of his rights. As such, Plaintiff's allegations fail to state an official capacity claim on which relief may be granted.

### C. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within 30 days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all

6

Defendants he is suing.   Plaintiff is cautioned that an Amended Complaint renders his Complaint without legal effect.[1]   Only claims properly set out in the Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, the Court will recommend that Plaintiff's claims be dismissed without prejudice. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

## III.    Conclusion

IT IS, THEREFORE, ORDERED that:

1.        If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within 30 days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, the Court will recommend that Plaintiff's claims be dismissed without prejudice. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

7

2.      The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 8th day of June, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE